## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GARY D. WILLIAMS,

               Plaintiff,

  v.

OFFICER VINCE PONDER;
ROBERT R. AUMAN
ASSISTANT DISTRICT ATTORNEY
SOUTHER JUDICIAL CIRCUIT,

               Defendants.

No. 08-CV-4086

**MEMORANDUM**

September 30, 2009                                   Pollak, J.

      Plaintiff Gary Williams brought suit against Detective Vince Ponder of Thomasville, Georgia and Robert Auman, Assistant District Attorney for the Southern Judicial Circuit of Georgia. Williams asks the court to grant relief for violations of his Fourth Amendment rights arising from the issuance of an allegedly defective arrest warrant in Thomas County, Georgia and the issuance of an allegedly improper request for his extradition from Pennsylvania to Georgia. Before this court and ripe for disposition is defendant Ponder's motion to dismiss (docker no. 15) for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted and

1

defendant Auman's Motion to dismiss (docket no. 10) for the same reasons and for lack

of subject matter jurisdiction.  Williams has failed to file an answer to the motions despite

having been given ample time to respond.

## I.    BACKGROUND

The Plaintiff, Gary Williams, acting *pro se,* filed a complaint alleging that his

Fourth Amendment rights have been violated and named Vince Ponder and Robert

Auman as defendants.  Williams seeks damages in the amount of $150,000.  Compl. ¶ 7.

Williams' filings imply that defendant Ponder signed an affidavit of probable

cause for an allegedly invalid warrant for Williams' arrest in Thomas County, Georgia on

January 18, 2005.  Compl. ¶ 1; Statements of Facts, Attachment 4 labeled "Criminal

Warrant", appended to Motion to Request Counsel Filed May 11, 2009 (hereinafter

Statement of Facts).[1]

Williams alleges he was first arrested due to this outstanding warrant in

Philadelphia, Pennsylvania, on October 22, 2005.  Compl.  ¶ 2.[2]  He claims that because

---

[1] Williams has in addition to a complaint filed a "Statement of Facts" appended to a motion for appointment of counsel, which further details the allegations in the complaint.  *See* Statements of Facts, appended to Motion to Request Counsel Filed May 11, 2009.  The court will consider this statement of facts in evaluating the motion to dismiss in order to fulfill the duty of the court to give Willaims' *pro se* filings the liberal construction necessary to do substantial justice.  *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citing FED. R. CIV. P. 8(f)).

[2] The court notes that in another suit Williams has alleged his October 22, 2005 arrest was due to a warrant from Sylvester County, Georgia, not Thomas County.  Complaint, at ¶ 2, *Williams v. Johnson*, No. 08-CV-4085 (E.D. Pa. Feb. 10, 2009).  This discrepancy may be explained by the existence of two warrants as alleged in the statement of facts.  Statement of Facts, page 1.

Georgia did not request extradition, he was released after 120 days in prison.  Compl ¶ 3.

Williams asserts that, on February 12, 2006, he was arrested by a police officer in Huntington County, New Jersey.  Compl. ¶ 4. Williams alleges that because his friend, the driver, was unable to show identification, Williams was asked to provide his identification.  Statements of Facts, page 1.  Williams asserts that the unidentified police officer then arrested him because of outstanding warrants against him from Lawrence Township, New Jersey, Thomas County, Georgia, and Sylvester, Georgia.  *Id*.  Williams alleges that he was unjustly held for a period of four months, due to errors in both the New Jersey and the Georgia warrants.[3]  Compl. ¶ 4.

Williams asserts that he was later arrested in Philadelphia, Pennsylvania, on July 17 of 2007,[4] based on two warrants issued in Georgia.  Compl.¶ 5; Statements of Facts, page 1.  Williams states that after this arrest an extradition request was issued by the State of Georgia.  Statement of Facts at page 4.  Williams submitted the Pennsylvania "Governor's Warrant" that commenced extradition proceedings, the "Requisition Demand" by Georgia, and an "Application for Governor's Requisition" signed by defendant Robert Auman.  Statement of Facts at page 4 and attached documents labeled

---

[3] Williams further alleges that he pled guilty to the charges contained in the New Jersey warrant, in exchange for a sentence limited to time served, because he feared he was in imminent danger in prison.  Statements of Facts, page 3, appended to Motion to Request Counsel Filed May 11, 2009.

[4] The complaint appears to list the date as "1-17-07."  Compl. ¶ 4.  However, this may have been due to the top of the first digit, specifying the month, being cut off or left off, which would make a seven look like a one.  Both the statement of facts and the arrest report provided by Williams list the arrest date as July 17th.  Statement of Facts, page 4 and Attachment 5.

Attachment 4.  Documents provided by Williams indicate that Auman, as the Assistant District Attorney acting as the prosecuting attorney for Thomas County, signed an application requesting that the Governor of Georgia ask that Williams be extradited to Georgia.  Statement of Facts, Attachment #4, Documents entitled "Application for Governor's Requisition" and "Cross-Certification Form."  Williams asserts he was confined for ninety days at which point the extradition proceedings were either dismissed or voluntarily withdrawn.  Compl. ¶ 6, Statement of Facts, page 4.[5]

Williams claims that the warrants against him in both New Jersey and Georgia were erroneously issued because the National Association of Bunco Investigators, Inc had disseminated photographs of another man labeled with Williams' alias of "Frank Smith, Jr."  Statement of Facts, page 5 and Attachment 8.

On March 23, 2009, defendant Auman filed a motion to dismiss (docket no. 10) alleging lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.  On April 1, 2009, defendant Ponder also filed a motion to dismiss (docket no. 10) for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.

Williams has not filed an answer to either motion to dismiss.   Since the filing of the motion to dismiss, Williams attended a pretrial conference with Magistrate Judge M.

---

[5] The complaint states that Judge Denis P. Cohen dismissed the extradition proceedings. Compl. ¶ 6.  The Statement of Facts states that Judge Cohen questioned the merits of the extradition proceedings, which caused the district attorney to dismiss them.  Statement of Facts, page 4.

4

Faith Angell (docket no. 18), and filed a motion to have counsel appointed (docket no. 21), which Magistrate Judge Angell denied.   Appended to Williams' motion was a statement of facts about his claims that elaborated on the factual allegations in his complaint.  At the pretrial conference, Williams indicated that he was willing to voluntarily dismiss the complaint.  Judge Angell's Order of April 30th, 2009 (docket no. 20).  Following the pretrial conference, Williams filed a motion for reconsideration of the denial of his motion for appointment of counsel, with the same statement of facts and additional argument attached.  *See* Motion for Reconsideration Filed June 22, 2009 (docket no. 23).  In this document, Williams withdrew his consent to a voluntary dismissal.  *Id.* at 1.

## II.    ANALYSIS

### A.  Williams' Failure to Respond to Johnson's Motion to Dismiss

Despite Williams' failure to specifically answer defendants' motions to dismiss, the merits of the motion will be considered.  Local Rule 7.1 provides that, with the exception of a motion for summary judgment,  "[i]n the absence of a timely response, [a] motion may be granted as uncontested."  E.D. Pa. R. 7.1(c).  However, the Third Circuit has held that a motion to dismiss should not be granted merely because the non-movant has failed to file a timely answer.  *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).  Instead, the court should consider the merits of the motion using what filings it has available.  *Id.*  Generally, in ruling on a motion to dismiss, a district court relies on the

complaint, attached exhibits, and matters of public record.  *Pension Benefit Guar. Corp.*

*v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  Because Williams has

failed to file an answer to the motion to dismiss, the merits of the motion will be

determined using the filings he has provided to date, most importantly the complaint.

> *B.  Review of the Court's Personal Jurisdiction Over Defendant Ponder*

The plaintiff bears the burden of establishing a court's jurisdiction.  *Miller Yacht*

*Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citing *Pinker v. Roche Holdings Ltd.*,

292 F.3d 361, 368 (3d Cir. 2002)).  Here, the court has not held an evidentiary hearing.

Thus, the plaintiff need only establish a prima facie case of personal jurisdiction while

taking the plaintiff's factual allegations as true and while resolving all factual disputes in

the plaintiff's favor.  *Id.* (citing *Pinker*, 292 F.3d at 368).

A federal district court can only exercise personal jurisdiction over nonresident

defendants if the courts of the state where the district court sits would also have personal

jurisdiction over the defendants.  *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft*

*Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009).  If the state long-arm statute authorizes jurisdiction,

then the court must analyze whether exercise of jurisdiction would offend the Due

Process Clause of the Fourteenth Amendment.  *Id.*  The due process limitations on the

exercise of personal jurisdiction over a defendant are satisfied when the defendant has

purposefully established sufficient minimum contacts with the forum and the exercise of

jurisdiction comports with notions of fair play and substantial justice.  *Burger King Corp.*

*v. Rudzewicz*, 471 U.S. 462, 476 (1985).  The purpose of the minimum contact

requirement is two-fold.  First, it "protects the defendant against the burdens of litigating

in a distant or inconvenient forum."  *World-Wide Volkswagen Corp. v. Woodson*, 444

U.S. 286, 292 (1980).  Second, it ensures that States and their courts "do not reach out

beyond the limits imposed on them" by the co-equal authority of other states.  *Id.*   There

are two variants of personal jurisdiction, specific and general jurisdiction.  *D'Jamoos*, 566

F.3d at 102.  Pennsylvania treats each basis differently.

> 1. The Court does not have Specific Personal Jurisdiction over Defendant
>    Ponder

The Pennsylvania long-arm statute authorizes Pennsylvania courts to exercise

specific personal jurisdiction up to the limits imposed by the Due Process Clause of the

Fourteenth Amendment to the Constitution.  42 PA. CONS. STAT. ANN. § 5322(b).

The Third Circuit construes the Due Process Clause as having three requirements

for the exercise of specific jurisdiction.  In order for specific jurisdiction to exist, there

must be 1) activity of the defendant purposefully directed at the forum, 2) the litigation

must arise out of or relate to one or more of these activities, and 3) the exercise of

jurisdiction must comport with "fair play and substantial justice."  *D'Jamoos*, 566 F.3d at

102-03.  The first two parts determine whether there are sufficient minimum contacts

such that the defendant could be said to have "purposefully avail[ed] itself of the

privilege of conducting activities within the forum state."  *Id.*  The fact that the defendant

could have foreseen his conduct would have consequences in another state is not enough
to establish jurisdiction, but rather the contacts must be enough that the defendant "should
reasonably anticipate being haled into court there." *Id.* at 105 (citing *Woodson*, 444 U.S.
at 297).

Williams' complaint and subsequently filed "Statement of Facts" do not establish a
prima facie case that the court has personal jurisdiction over defendant Ponder under the
traditional three-part test. Taking the attachment labeled "Criminal Warrant" provided
by Williams, Statement of Facts, Attachment #4, as the affidavit for the warrant at issue,
there is evidence that Ponder caused a warrant for Williams' arrest to be issued in
Thomas County, Georgia. The mere issuance of an arrest warrant that foreseeably caused
Williams to be arrested in Pennsylvania, however, does not provide sufficient contacts
with Pennsylvania for this court to exercise jurisdiction. An officer cannot reasonably
expect to be haled into court in Pennsylvania because he sought a warrant in Georgia
based on a violation of Georgia law. In *Bush v. Adams*, No. 07-4936, 2008 WL 4791647
(E.D. Pa. Nov. 3, 2008) (unpublished), the court found that it did not have personal
jurisdiction over police officers in Virginia even though such officers not only issued a
warrant for the plaintiff's arrest in Virginia, but also made phone calls to the forum to
ensure that local authorities acted on the warrants. *Id.* at *12. Ponder could not have
reasonably anticipated being haled into court in Pennsylvania because of his activities in
Georgia.

8

2.  Even if the Alternative Test for Personal Jurisdiction, the "Effects Test,"
is Applied this Court does not have Jurisdiction

Personal jurisdiction can exist even if the traditional three part-test is not satisfied if the conduct instead meets the "effects test," of *Calder v. Jones*, 465 U.S. 783 (1984). The Third Circuit has determined that the "effects test" requires a showing that 1) the defendant committed an intentional tort, 2) the plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort, and 3) the defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity. *Marten v. Godwin*,  499 F.3d 290, 297 (3d. Cir. 2007) (citing *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir. 1998)).  In order to show that the defendant "'expressly aimed' his conduct at the forum, the plaintiff has to demonstrate 'the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum.'"  *Marten*,  499 F.3d at 298 (quoting *IMO*, 155 F.3d at 266).  Under either the "effects test" or the traditional test of specific personal jurisdiction, mere foreseeability of an effect in the forum state is not enough to establish personal jurisdiction.  *Marten*, 499 F.3d at 297.

Williams' allegations do not satisfy the third prong of the "effects test."  Even a liberal construction of Williams' filings does not contain an allegation that Ponder

"knew" Williams would be detained in Pennsylvania.  Additionally, there are none of the required allegations of specific activity that would indicate he expressly aimed his conduct at Pennsylvania.  The court lacks specific personal jurisdiction over defendant Ponder.

   *C.  Review of the Court's Personal Jurisdiction Over Defendant Auman*

   Auman like Ponder has asserted the Court does not have personal jurisdiction over him.  The documents submitted by Williams indicate that Auman submitted a request to the Governor of Georgia that the Governor ask that Williams be extradited by Pennsylvania to Georgia.  Statement of Facts, Attachment #4 (Document labeled "Application for Governor's Requisition").  This request appears to have been granted by Governor Sonny Perdue of Georgia and resulted in Governor Ed Rendell of Pennsylvania issuing a Governor's Warrant ordering extradition proceedings commence.  *Id*.  (Documents labeled "Governor's Warrant" and "Requisition Demand and Agent Authorization").  Auman's contacts with the forum are more substantial than those of Ponder, but Auman's activities are likewise not sufficiently connected to Pennsylvania to satisfy the minimum contacts test.

   1.  Auman's Conduct did not Create Minimum Contacts with Pennsylvania

   Auman's actions did not purposefully avail himself of the privileges of conducting activity in Pennsylvania and thus the necessary minimum contacts do not exist.  Courts have found that participation in extradition proceedings results in sufficient contacts only

when the defendant either travels to the extraditing state or undertakes multiple direct communication with officials in the forum state in order to induce extradition.  *Compare Lee v. City of Los Angeles*, 250 F.3d 668, 693-94 (9th Cir. 2001) (finding that jurisdiction existed over two defendants who traveled to the extraditing state and directly requested local police to arrange the extradition but finding no jurisdiction over defendants whose contacts were not as extensive); *Maney v. Ratcliff*, 399 F. Supp. 760, 768-69 (E.D. Wis. 1975) (finding jurisdiction over defendants who contacted a prosecutor in the extraditing state to ask that the plaintiff be held for extradition) *with Ray v. Simon*, No. 4:07-1143-TLW-TER, 2008 WL 5412067, at *15-*16 (D.S.C. Dec. 24, 2008) (unpublished) (finding that filing extradition papers and having telephone conversations discussing possible extradition with prosecutors in the forum did not provide sufficient contacts for personal jurisdiction); *Wright v. Linhardt*, 2000 WL 92810, at *9 (D. Or. Dec. 14, 1998) (unpublished) (finding that telephone discussions between two Assistant U.S. Attorney's (AUSA) about the extradition of a defendant did not provided minimum contacts for personal jurisdiction over the AUSA in the receiving state).  The only allegation against Auman was that he signed an application for an extradition request that was sent to the Governor of Georgia.  The connection between this action and Pennsylvania is significantly more tenuous than the direct coordination of extradition proceedings found in *Lee* and *Maney*.  The mere filing of a single piece of paperwork in Georgia regarding extradition does not establish purposeful contacts with Pennsylvania.

2.  Auman's Conduct does not Provide for Personal Jurisdiction under the "Effects Test"

Additionally, the allegations against Auman do not support finding personal jurisdiction under the "effects test."  In order to meet the third requirement of the test, the plaintiff must show that "the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum."  *Marten*, 499 F.3d at 298.  Auman did not know that Williams would suffer the brunt of the harm in Pennsylvania.  The specific activity of filling what amounted to a request for a request for extradition was directed at having Williams tried and incarcerated in Georgia and not Pennsylvania.  Thus, the brunt of the intended harm would have been in Georgia had the extradition gone as intended.  *See Bush v. Adams*, No. 07-4936, 2008 WL 4791647, *14 (E.D. Pa. Nov. 3, 2008) (unpublished) (finding that Virginia officers pursuing arrest in Pennsylvania so the plaintiff could be extradited to Virginia could not know the brunt of the harm of the arrest would be in the forum, because they intended that the defendant be eventually held elsewhere).

D.  *Review of General Personal Jurisdiction over the Defendants*

Pennsylvania law only authorizes a court to exercise general jurisdiction over individuals when they are either present in the state when process is served, domiciled in the state when process is served, or consent to general jurisdiction.  42 PA. CONS. STAT.

12

ANN.§ 5301(a)(1).  In the present case, Williams has not alleged presence or domicile in the state at the time of service nor has he alleged that the defendants consented to jurisdiction.  Because Pennsylvania law does not authorize its courts to exercise general personal jurisdiction in this situation, this court lacks jurisdiction and it need not address whether due process would be offended by the exercise of general jurisdiction.  Williams has not presented a prima facie case that the court has general or specific jurisdiction over the defendants.

Because the issue of personal jurisdiction is dispositive, Ponder's and Auman's argument regarding subject matter jurisdiction, venue, and sufficiency of the pleadings are not addressed.

### E.  Dismissal Instead of Transfer is the Appropriate Course of Action

A district court may "if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631.  Section 1631 is the proper statute to order transfer if the court lacks personal jurisdiction. *Lawman Armor Corp. v. Simon*, 319 F. Supp. 2d 499, 506 (E.D. Pa. 2004).  The defendants have suggested that the complaint be dismissed or, in the alternative, transferred to the Middle District of Georgia.  Because Williams has not responded to the motion to dismiss, it is unclear which course of action Williams would prefer given the potential distance between this forum and an appropriate forum.  Dismissal will allow Williams to decide whether he wants to continue the

13

litigation in the appropriate forum, which may entail paying an additional filing fee.

## III.    Conclusion

For the reasons stated above, the motions of defendants Vince Ponder and Robert Auman to dismiss plaintiff's complaint for lack of personal jurisdiction will be granted. The complaint is dismissed without prejudice for the plaintiff to refile in a proper forum if he so chooses.  An appropriate order accompanies this memorandum.